UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOVAN CLAYBRON,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>JODI DEANGELO, *et al*.,<br><br>　　　　　　　　　Defendants. | Case No. 23-10840<br>Honorable Nancy G. Edmunds<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO DENY
MOTION FOR URGENT TRANSFER
(ECF NO. 14)**

I.　**Introduction**

　　Plaintiff Jovan Claybron, a prisoner proceeding pro se, sues officials of the Michigan Department of Corrections (MDOC) under 42 U.S.C. § 1983.  ECF No. 1.  He alleges that he has Wegner's disease and is a kidney dialysis patient.  *Id*.  Claybron claims that the drinking water at the Woodland Center Correctional Facility (WCC) is contaminated with E. coli, arsenic, and coliform, causing him "bouts of dizziness, diarrhea, weight loss, headaches, vomiting, involuntary bowel movements, and urinary infections."  *Id*., PageID.2-3.  He alleges that defendants knew that the

drinking water at the WCC is contaminated and were thus deliberately indifferent to his serious medical needs by transferring him to that facility. *Id.*, PageID.3-4; ECF No. 14, PageID.72. The Honorable Nancy G. Edmunds referred all pretrial matters to the undersigned under 28 U.S.C. § 636(b)(1). ECF No. 9.

Claybron moves for an urgent safety transfer, stating that he should be transferred to another MDOC facility for his health and safety. ECF No. 14. Defendants oppose the motion. ECF No. 19. Claybron's motion should be denied.

## II.   Analysis

Preliminary injunctive relief under Federal Rule of Civil Procedure 65 is an "extraordinary remedy." *Patio Enclosures, Inc. v. Herbst*, 39 F. App'x 964, 967 (6th Cir. 2002). To decide whether an injunction is warranted, the Court must consider four factors: (1) whether the plaintiff has a strong likelihood of success on the merits; (2) whether the plaintiff would suffer irreparable harm without the requested relief; (3) whether issuance of the temporary restraining order or preliminary injunction would cause substantial harm to others; and (4) whether the requested relief would serve the public interest. *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005). These factors guide the Court in resolving the motion but

are not rigid prerequisites.  *Sandison v. Mich. High Sch. Athletic Assoc., Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995).  That said, "a finding that there is simply no likelihood of success on the merits is usually fatal."  *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

The movant bears a heavy burden of proving entitlement to injunctive relief.  *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).  "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion."  *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000); *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012).

For an inmate to succeed on a claim of deliberate indifference to a serious medical need, he must establish both an objective and subjective component.  *Rhinehart v. Scutt*, 894 F.3d 721, 737-38 (6th Cir. 2018).  The objective component "requires a showing of care so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."  *Id.* (cleaned up).  This component requires medical proof.  *Id.* at 738.  The subjective component "requires proof that each defendant subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then

3

disregarded that risk by failing to take reasonable measures to abate it." *Id*. (cleaned up).

Claybron fails to submit proof that the WCC's drinking water is contaminated with E. coli or that it makes him sicker. The facility manager of the WCC testifies by affidavit that the facility's water is tested monthly, and the facility has received no notice that the water was contaminated with arsenic, lead, or E. coli. ECF No. 19-2, PageID.112. Defendants also submit a November 2022 laboratory report showing that the water in the dialysis unit of the WCC had no detectible coliform or E. coli bacteria. ECF No. 19-3, PageID.115.

Claybron relies on his own and other inmates' affidavits stating that the drinking water is discolored, smells bad, and corrodes the sinks, showers, and toilets. ECF No. 14, PageID.72, 74-76. Each affiant says that he needs kidney dialysis and that the drinking water has made them sick. *Id*. They claim that 15 kidney dialysis patients died after they transferred to the WCC. *Id.*

But Claybron presents no laboratory or medical evidence that the water is contaminated nor that it caused the ailments he describes. Without laboratory proof that the water is contaminated, his evidence may not be enough to defeat a motion for summary judgment. *See MacLeod v.*

4

*Kern*, 379 F. Supp. 2d 103, 108 (D. Mass. 2005) (granting summary judgment because the plaintiff's claim of contaminated water was unsupported by laboratory proof).  The Court is more certain that Claybron's proof fails to meet the more stringent burden for injunctive relief.[1]  *McNeilly*, 684 F.3d at 615.

### III.    Conclusion

The Court recommends that Claybron's urgent motion for transfer be **DENIED.**  ECF No. 14.

|  |  |
|---|---|
| Dated: October 6, 2023 | s/Elizabeth A. Stafford<br>ELIZABETH A. STAFFORD<br>United States Magistrate Judge |

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And

---

[1] In a separate order, the Court will grant Claybron's motion to appoint counsel (ECF No. 25) to help him investigate his claims that the water is contaminated.

only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 6, 2023.

                                       s/Marlena Williams
                                       MARLENA WILLIAMS
                                       Case Manager