UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOVAN CLAYBRON,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>JODI DEANGELO, *et al*.,<br><br>　　　　　　　　Defendants. | Case No. 23-10840<br>Honorable Nancy G. Edmunds<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING MOTION FOR APPOINTMENT
OF COUNSEL AND STAYING THE CASE (ECF NO. 25)**

Plaintiff Jovan Claybron, a prisoner proceeding pro se, sues officials of the Michigan Department of Corrections (MDOC) under 42 U.S.C. § 1983.  ECF No. 1.  He alleges that he has Wegner's disease and is a kidney dialysis patient.  *Id*.  Claybron claims that the drinking water at the Woodland Center Correctional Facility (WCC) is contaminated with E. coli, arsenic, and coliform, causing him "bouts of dizziness, diarrhea, weight loss, headaches, vomiting, involuntary bowel movements, and urinary infections."  *Id*., PageID.2-3.  He alleges that defendants knew that the drinking water at the WCC is contaminated and were thus deliberately indifferent to his serious medical needs by transferring him to that facility.

*Id*., PageID.3-4.  The Honorable Nancy G. Edmunds referred all pretrial matters to the undersigned under 28 U.S.C. § 636(b)(1).  ECF No. 9.

Under 28 U.S.C. § 1915, "[t]he court *may* request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1) (emphasis added).  Although a district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant, appointment of such counsel is not a constitutional right.  *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).  Courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances."  *Id*. at 606.  Appointment of counsel under § 1915(e)(1) is rare because "there are no funds appropriated to pay a lawyer or to even reimburse a lawyer's expense."  *Clarke v. Blais,* 473 F. Supp. 2d 124, 125 (D. Me. 2007).  Thus, courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances."  *Lavado*, 992 F.2d at 606.

To determine whether "exceptional circumstances" exist, the Court considers the type of case involved, the party's ability to represent himself, the complexity of the case, and whether the claims being presented are frivolous or have a small likelihood of success.  *Id.*

2

Having reviewed Claybron's complaint and case filings to this point, the Court finds that exceptional circumstances warrant the appointment of counsel at this juncture.  In his motion, Claybron raises some typical arguments that he has limited access to the law library and knowledge of the law.  *See Lavado*, 992 F.2d at 605-06; ECF No. 25, PageID.145.  But this case is exceptional and extraordinarily complex.

The Court agrees with Claybron that he "cannot possibly conduct the proper research necessary to argue a contaminated water lawsuit."  ECF No. 25, PageID.146.  An attorney, with the assistance of experts, can help Claybron determine whether the water is contaminated.  *See Duncan v. Milyard*, No. 14-CV-00301-REB-NYW, 2017 WL 2986495, at *2 (D. Colo. July 13, 2017) (noting that magistrate judge granted incarcerated plaintiff's motion for appointment of counsel "because of the complex medical issues raised in his complaint [about drinking water contamination]").

Thus, the Court **GRANTS** Claybron's motion for appointment of counsel, ECF No. 25.  The Court **ORDERS** that Claybron's case is referred to the Court's pro bono program for the appointment of counsel.  The case will be stayed for a period of **90 days** while the Court attempts to obtain pro bono counsel.  If pro bono counsel is not obtained within **90 days**, the stay will be lifted, and the plaintiff will proceed pro se.

**IT IS SO ORDERED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: October 10, 2023

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 10, 2023.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
