UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOVAN CLAYBRON,

    Plaintiff,

v.

JODI DEANGELO, *et. al.*,

    Defendants.
_____/

Case No. 2:23-cv-10840
Hon. Brandy R. McMillion

**ORDER ADOPTING THE RECOMMENDED DISPOSITION OF THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 47), OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 48), GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NO. 36) AND DISMISSING THE COMPLAINT (ECF NO. 1)**

Plaintiff Jovan Claybron ("Claybron") filed this *pro se* prisoner civil rights action against Jodi DeAngelo, the Warden of the Woodland Center Correctional Facility ("WCC"); Heidi Washington, Director of the Michigan Department of Corrections ("MDOC"); and Michigan Governor Gretchen Whitmer (collectively, "Defendants") alleging violations of his constitutional rights under the Fourteenth Amendment and the Eighth Amendment. *See generally* ECF No. 1. Claybron's allegations concern the quality of drinking water at WCC. *Id.* Claybron suffers from Wegener's disease, a "rare incurable vasculitis disease" and needs dialysis for treatment. ECF No.1, PageID.2. Claybron was transferred to WCC upon closure of

1

the Ryan Correctional Facility, which had housed all inmates who required dialysis. *Id*. Claybron alleges that the drinking water at WCC is contaminated with E. coli, arsenic, and coliform which has caused him "bouts of dizziness, diarrhea, weight loss, headaches, vomiting, involuntary bowel movements, and urinary infections." ECF No. 1, PageID.2-3.  He argues that defendants violated his constitutional rights when they authorized the closure of the Ryan Correctional Facility and approved his transfer to WCC because they "knowingly transfer[ed] him from a facility with drinkable water to a facility with contaminated water."  ECF No. 1, PageID.5. Claybron asserts violations of the Equal Protection Clause of the Fourteenth Amendment, the Due Process Clause of the Fourteenth Amendment, and an Eighth Amendment violation.  ECF No. 1, PageID.5.

On December 21, 2023, the Honorable Nancy G. Edmunds initially screened this case under 28 U.S.C. § 1915A and stayed and referred it for participation in the *Pro Se* Early Prisoner Mediation Program.  ECF No. 4.  Judge Edmunds then referred all pretrial matters to Magistrate Judge Elizabeth A. Stafford.  ECF No. 9.  On May 19, 2023, Claybron submitted a letter expressing his wish not to participate in the mediation program.  ECF No. 10.  He then motioned for an Urgent Safety Transfer to another facility while this action was pending.  ECF No. 14.  Judge Stafford issued a Report and Recommendation suggesting that the motion be denied because Claybron could not provide the evidence sufficient to meet his burden for injunctive

relief, which Judge Edmonds accepted and adopted over objections. ECF No. 26, PageID.151-52; ECF Nos. 29, 35.

On February 16, 2024, Defendants moved for dismissal. ECF No. 36. The parties fully briefed this motion. *See* ECF Nos. 39, 41. Before Magistrate Judge Stafford could review the parties' motion and briefs, this case was reassigned to the undersigned. On April 4, 2024, the Court referred all remaining pretrial matters to Magistrate Judge Stafford, including the Motion to Dismiss.

Magistrate Judge Stafford issued a Report and Recommendation ("R&R") suggesting that the Court grant Defendants' motion and dismiss. ECF No. 47. Having reviewed the record and considering Claybron's objections *de novo*, the Court concludes that his arguments are without merit. Accordingly, the Court will **ACCEPT AND ADOPT** the R&R's findings and conclusions, and **GRANT** Defendants' Motion to Dismiss.

**I.**

Defendants move to dismiss Claybron's complaint, arguing that he failed to state a claim under either the Fourteenth or Eighth Amendments. *See* ECF No. 36. They also argue that his claims are barred by sovereign immunity pursuant to the Eleventh Amendment. *Id.* Claybron responded and the motion was fully briefed. ECF Nos. 41, 43.

3

## II.

Pursuant to Federal Rule of Civil Procedure 72(b), if a party objects to a Magistrate Judge's report and recommendation, the District Judge, in conducting a *de novo* review, can "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Moreover, an objection that "merely restates the arguments previously presented does not sufficiently identify alleged errors on the part of the magistrate judge." *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004). The Court "is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources." *See Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 WL 1304470 at *3 (W.D. Mich. Mar. 28, 2013) (citations omitted). The Court also need not undertake any review of portions of a report to which no party has objected. *See Thomas*, 474 U.S. at 153. However, a *de novo* review of proper objections requires

4

at least a review of the evidence before the Magistrate Judge; and the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

### III.

Claybron lodges four objections to Magistrate Judge Stafford's R&R. *See* ECF No. 39. Many of the objections simply restate his arguments in response to the motion to dismiss or fail to raise specific objections. Because objections must be clear so that the Court can "discern those issues that are dispositive and contentious" and mere restatement of argument is not appropriate or sufficient, the Court summarily overrules **Objections 2** and **3**. *See Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016). The Court also overrules the remaining objections and will address each objection in turn.

**Objection 1**: Claybron argues that Magistrate Judge Stafford did not apply the proper standard when evaluating the Motion to Dismiss, namely, by not crediting his factual allegations as true. ECF No. 48, PageID.300. He believes that the support he provided in his complaint was sufficient to survive a motion to dismiss because it "clearly [demonstrates] that the defendants are forcing him and other dialysis patients to drink contaminated water." ECF No. 39, PageID.244. However, Claybron's argument ignores that the Court can also consider documents from the

5

public record included in defendants' motion to dismiss that refute Claybron's claims. *Watermark Senior Living Ret. Communities, Inc. v. Morrison Mgmt. Specialists, Inc.*, 905 F.3d 421, 425-26 (6th Cir. 2018). This includes documents from other Court proceedings. *Id.* Here, Judge Stafford also considered a document from the lawsuit *Stribling v. Washington, et al.*: laboratory testing of the drinking water at WCC that was conducted by the Michigan Department of Environment, Great Lakes. These tests stated that no coliform, E. coli, arsenic, or lead were detected in WCC's drinking water. Case No. 20-cv-12990, ECF No. 100-7, PageID.1048-50. The Court finds Judge Stafford's reliance on this public record correct and sufficient to dismiss the complaint.

Claybron also reasserts in Objection 1 his argument that defendants should not be entitled to immunity from this suit. He does not allege that Magistrate Judge Strafford erred in her Eleventh Amendment analysis. Instead, he merely concludes that though he "may have erred in his argument [by confusing sovereign immunity with qualified immunity,] it does not negate the fact that each defendant is knowingly forcing dialysis patients to drink contaminated water." ECF No. 48, PageID.300. As previously mentioned, a mere restatement of argument is not appropriate or sufficient for this Court to consider because it does not sufficiently identify alleged errors on the part of the Magistrate Judge.

Further, this Court wants to make clear that Claybron is not being penalized for confusing sovereign immunity with qualified immunity. *See* ECF No. 48, PageID.300. It is the fact that Claybron sued defendants in their official capacity that renders these claims barred by the Eleventh Amendment.

The Eleventh Amendment prohibits suits in federal Court against the state or any of its agencies or departments. *Pennhurst State Sch. v. Halderman*, 465 U.S. 89, 100-02 (1984), superseded by statute on other grounds, 28 U.S.C. § 1367; *see Alabama v. Pugh*, 438 U.S. 781, 782 (1978). Unless a state's immunity is clearly abrogated or the state consents, it may not be sued. *Pennhurst*, 465 U.S. at 98-99. Because a claim against state employees in their official capacities is treated as a claim against the state itself, Eleventh Amendment immunity applies to them too. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010).

Here, Claybron sues defendants in their individual and official capacities. ECF No.1, PageID.1. As the R&R points out, "Michigan has not consented to civil rights suits in federal Court." ECF No. 47, PageID.287 (citing *Johnson v. Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004)). Nor has Congress clearly abrogated Michigan's sovereign immunity. Thus, the defendants are entitled to their immunity insofar as plaintiff sues them in their official capacity. For that reason, the Court also overrules this part of Objection 1.

7

**Objection 2:** Claybron objects to the Court's finding that he did not state a due process claim. Essentially, Claybron disagrees with Judge Strafford's legal conclusion. ECF No. 48, PageID.301 ("The Court erred by stating that he did not assert a due process violation[.]"). He does not provide any additional information or plead with specificity any additional facts necessary to state a due process claim. His only argument is that "clearly being forced to drink contaminated water is self-explanatory" for the purposes of a due process violation. ECF No. 48, PageID.301. The Court agrees with the R&R that having to drink the water at WCC, by nature of the fact that he is incarcerated there, cannot rise to the type of "intent to injure" required under the Due Process Clause. *See* ECF No. 47, PageID.288.

**Objection 3:** Claybron disagrees with the R&R's finding that he cannot state an Eighth Amendment claim. Again, Claybron disagrees with the R&R's legal conclusion without providing any additional information sufficient to show that the R&R got it wrong.

As the R&R correctly states, to state an Eighth Amendment claim a plaintiff must allege (1) an objective component and (2) a subjective component. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). For the objective component, a plaintiff must show that the deprivation poses "a sufficiently serious" risk of harm. *Id.* (emphasis added). Here, Claybron alleges that he was deprived of clean drinking water and

8

submits that the water at WCC has caused him "to suffer bouts of dizziness, weight loss and diarrhea as support that he has met the objective component."[1]

As discussed in Objection 1, the R&R correctly relied on the laboratory tests from the *Stribling* case to conclude that Claybron could not state a claim under the Eighth Amendment. ECF No. 47, PageID.296 (citing *Stribling v. Washington, et al.*, Case No. 20-cv-12990). With the *Stribling* test results included, Claybron can only speculate that the water is contaminated and causing his symptoms. And, as the R&R correctly points out, speculation is not sufficient to state a claim that can survive a motion to dismiss. *Taylor v. Bedford Cnty. Sheriff's Dep't*, No. 1:16-CV-081-HSM-CHS, 2018 WL 6004663, at *2 (E.D. Tenn. Nov. 15, 2018). The Eighth Amendment prohibits only "extreme violations" and, unfortunately, the poor water quality at WCC does not rise to the level of extreme. *Hudson v. McMillan*, 503 U.S. 1, 8-9 (1992).

As for the subjective component, Claybron may be correct that some defendants knew the water was not of the best quality and may have chosen not to drink it themselves because of the taste, color, or smell, but this is far from "knowing" that the water was "sure or very likely to cause serious illness and

---

[1] Claybron also seems to assert that his status as a dialysis patient suffering from Wegner's Disease is sufficient to support the objective prong of an Eighth Amendment claim. *See* ECF No. 48, PageID.302. However, Claybron is not asserting that defendants caused his Wegner's Disease and thus this cannot properly be considered a "deprivation" attributable to defendants for this Eighth Amendment analysis.

needless suffering" for purposes of the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 33 (1993).

Thus, this Court agrees with the R&R that Claybron cannot state an Eighth Amendment claim.

**Objection 4:** Claybron objects to Magistrate Judge Stafford issuing the R&R without addressing or granting his requests for this Court to appoint an unbiased toxicologist to test WCC's water and an independent investigator to take pictures of "the sinks, toilets, [and] showers." *See* ECF No. 45, PageID.271. Claybron believes that the pictures submitted by defendants "did not accurately reflect the facts of plaintiffs living conditions" and that the water testing results relied on by Magistrate Judge Stafford were "bogus." ECF No. 48, PageID.302-303. Claybron asserts that he cannot take pictures nor conduct water testing by nature of his status as an inmate. *Id*. While this may be true, Claybron gives no reason as to why the water laboratory conducted by the Michigan Department of Environment, Great Lakes, and Energy is not sufficiently independent for the Court to rely on. Again, his assertion that the water test is "bogus" is merely speculative and cannot state a claim sufficient to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").

The Court also finds notable that Claybron has refused to sign an authorization to allow MDOC to obtain copies of his medical records, which could have demonstrated that he was being exposed to toxins, sufficient to meet the objective component of an Eighth Amendment violation. *See* ECF No. 36-2, PageID.224-226; *see also Helling*, 509 U.S. at 35-36. Further, pictures of the living conditions are not relevant to stating a claim here because Claybron's allegations arise out of the water quality and not the quality of his living conditions. *See generally* ECF No. 1.

Accordingly, the Court **ACCEPTS AND ADOPTS** the recommended disposition of Magistrate Judge Stafford's Report and Recommendation (ECF No. 47). Defendants' Motion to Dismiss (ECF No. 35) is **GRANTED**. Plaintiff's Objections (ECF No. 48) are **OVERRULED**. The Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Claybron's request that this Court appoint an independent investigator (ECF No. 45) and his Objection to the Order Granting Defendants' Motion to Stay Discovery (ECF No. 44) are **DENIED AS MOOT**.

**This is a final order that closes the case.**

**IT IS SO ORDERED.**

Dated: September 3, 2024                          s/Brandy R. McMillion
                                                  Brandy R. McMillion

                                          United States District Judge